**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

NICHOLAS BUTCHER, as next of kin to )
RICHARD BUTCHER, as Deceased, )
                                    )
      Plaintiff, )
                                    )
v. )     No. 3:12-00251
                                    )     Chief Judge Haynes
                                    )
REED BRYSON, et al., )
                                    )
      Defendants. )

## MEMORANDUM

Plaintiff Nicholas Butcher, as next of kin to Richard ("Ricky") Butcher, deceased, filed this action under 42 U.S.C. § 1983 against the Defendants: Darrell Young, as Cannon County Sheriff, and Deputies Reed Bryson and Jordan McGee, in their individual and official capacities.[1] Plaintiff's claims arose out of the fatal shooting of Richard Butcher by Defendants Bryson and McGee while Butcher was driving his truck in circles, or "donuts," on his property. Plaintiff asserted claims for excessive force in violation of Ricky Butcher's Fourth Amendment rights against Defendants Bryson and McGee for fatally shooting Ricky Butcher and against Defendants Young and Cannon County for failing to train adequately the Defendant Deputies. Plaintiff's claims proceeded to a jury trial, and on September 20, 2013, a verdict in favor of Defendants Young[2] and Cannon County and against Defendants Bryson and Reed was entered. (Docket Entry No. 61). The jury awarded Plaintiff

---

[1]Plaintiff voluntarily dismissed his claims against Mike Gannon, as County Executive for Cannon County. (Docket Entry No. 49).

[2]Plaintiff's claim against Defendant Young in his individual capacity was dismissed by the Court at the close of Plaintiff's proof.

$1,500,000 in compensatory damages against Defendant Bryson and $750,000 in compensatory damages against Defendant McGee.

Before the Court is Plaintiff's motion for attorneys' fees (Docket Entry No. 66) under 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 54, seeking $175,978.00 in fees.[3] In response (Docket Entry No. 69), Defendants contend that Plaintiff's counsels' rates are too high and that 30.4 hours of time should be excluded in calculating Plaintiff's award of attorneys' fees. In reply (Docket Entry No. 73), Plaintiff asserts that Defendants' response should be stricken as untimely and that Plaintiff has provided sufficient documentation in support of the hours expended on this action and the hourly rates charged by attorneys practicing in this community for similar services.

Local Rule 54.01(b)(3) provides that "[w]ithin fourteen (14) days after filing [a motion for attorneys' fees], the party or parties against whom the award is requested shall respond[.]" Plaintiff filed his motion for attorneys' fees on October 14, 2013. Defendants filed their response on November 4, 2013, 21 days after Plaintiff's motion. Yet, in its discretion, the Court elects to consider Defendants' response in conjunction with Plaintiff's motion for attorneys' fees. See Local Rule 1.02.

### A. Standard for Awarding Attorneys' Fees

---

[3]Plaintiff originally filed his bill of costs incorrectly as a motion for taxation of costs (Docket Entry No. 65), seeking $3954.21 in costs. Defendants objected to a portion of the requested costs. (Docket Entry No. 69). Plaintiff submitted an amended bill of costs (Docket Entry No. 75), requesting taxable costs in the amount of $4354.25 to which Defendants did not file an objection. The Clerk of Court entered a final taxation of costs in the amount of $4,354.25. (Docket Entry No. 77). Defendants did not file a motion for the Court to review the Clerk's action within seven days after the action of the Clerk pursuant to Fed. R. Civ. P. 54(b) and Local Rule 54.01. Thus, the Clerk's award of costs is final.

Under 42 U.S.C. § 1988(b), Congress authorized the award of reasonable attorneys' fees and expenses to prevailing parties in civil rights actions under § 1983. Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation omitted); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 559 (2010) ("Section 1988 serves an important public purpose by making it possible for persons without means to bring suit to vindicate their rights."). "'[C]ounsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, *for all time reasonably expended on a matter*.'" City of Riverside v. Rivera, 477 U.S. 561, 575 (1986) (internal quotation marks and citations omitted) (emphasis in original).

"[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111 (1992). The statutory presumption is that absent "special circumstances" that would render such an award "unjust," a prevailing party under 42 U.S.C. § 1988 "must" be awarded attorneys' fees and expenses. Indep. Fed. of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989) (holding that "in absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff") (citation omitted and emphasis in original); Hensley, 461 U.S. at 429 ("[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotation marks and citations omitted); Berger v. City of Mayfield Heights, 265 F.3d 399, 406 (6th Cir.2001).

3

Given the jury award of $1,500,000 against Defendant Bryson and $750,000 against Defendant McGee, the Court concludes that Plaintiff is a "prevailing party" who is entitled to his attorneys' reasonable fees under § 1988. Defendants do not dispute that Plaintiff is entitled to an award under this statute as the prevailing party at trial, but argues that the amount requested, $175,978, is excessive in various respects.

"A reasonable attorney's fee under § 1988 is one calculated on the basis of rates and practices prevailing in the relevant market, i.e., 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation,' and one that grants the successful civil rights plaintiff a 'fully compensatory fee,' comparable to what 'is traditional with attorneys compensated by a fee-paying client.'" Missouri v. Jenkins by Agyei, 491 U.S. 274, 286 (1989) (citations omitted). "It is central to the awarding of attorney's fees under § 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case." Blanchard v. Bergeron, 489 U.S. 87, 96 (1989).

A fee award is reasonable if sufficient "'to attract competent counsel,'" but it is not designed to produce a windfall to the attorney for a prevailing party. Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir.1995) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)). In Perdue, the Supreme Court reiterated that "a 'reasonable fee' is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case," but Section 1988 is not designed "to provide 'a form of economic relief to improve the financial lot of attorneys.'" 559 U.S. at 552 (citations omitted). Under Section 1988, attorney fees are not to be awarded in proportion to the amount of damages recovered. City of Riverside, 477 U.S. at 580–81.

4

In awarding fees, courts employ the "lodestar" method that multiplies a reasonable hourly rate by the reasonable number of hours expended, <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 564 (1986), but courts "may make modifications to account for unreasonable and excessive hours or when unique circumstances justify adjustments to hourly rates." <u>United States ex rel. Taxpayers Against Fraud v. General Elec. Co.</u>, 41 F.3d 1032, 1048 (6th Cir.1994). The lodestar method considers an attorney's experience and special knowledge. <u>B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs</u>, 522 F.3d 657, 664 (6th Cir. 2008) (citing <u>Delaware Valley</u>, 478 U.S. at 564–65). As to hourly rates, a reasonable rate is based upon the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. <u>Blum</u>, 465 U.S. at 895 n. 11. Courts are "permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" <u>Waldo v. Consumers Energy Co.</u>, 726 F.3d 802, 821-22 (6th Cir. 2013) (citation omitted). "'A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.'" <u>Id</u>. at 821.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." <u>Hensley</u>, 461 U.S. at 437. The fee applicant "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Id</u>. at 433. Excessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims, are to be excluded. <u>Id</u>. at 434. After calculating the lodestar amount, a court "may adjust the

5

lodestar amount based on the twelve factors"[4] enunciated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] <u>Bell v. Prefix, Inc.</u>, Nos. 11–1508, 11–1690, 2013 WL 323005, at *2 (Jan. 29, 2013).[6]

## B. Request for Attorneys' Fees

Plaintiff submits the declarations of Luke Evans (Docket Entry No. 66-3), James Bryan Moseley (Docket Entry No. 66-4) and Heather Graves Parker (Docket Entry No. 66-5) and an

---

[4]The twelve <u>Johnson</u> factors are as follows:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

<u>Hamlin v. Charter Township of Flint</u>, 165 F.3d 426, 437 (6th Cir. 1999) (citing <u>Hensley</u>, 461 U.S. at 430 n.3) (summarizing the <u>Johnson</u> factors).

[5]In <u>Hensley</u>, the Supreme Court noted that many of the <u>Johnson</u> factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate." <u>Hensley</u>, 461 U.S. at 434 n.9.

[6]The Sixth Circuit noted that in <u>Perdue</u>, 559 U.S. at 551-52, "the Supreme Court observed that the <u>Johnson</u> test provided limited guidance to district courts and could lead to arbitrary results," but that "before applying the twelve-factor Johnson test in this circuit, we evaluate attorneys' fees by calculating the lodestar amount . . . . Then, the court may adjust the lodestar amount based on the twelve factors of the <u>Johnson</u> test." <u>Bell</u>, 2013 WL 323005, at *2 (citations omitted). The Sixth Circuit stated that "[t]he Supreme Court made no comment about such supplemental reliance on the <u>Johnson</u> test and instead simply emphasized that the lodestar amount constitutes the best available mechanism for calculating attorneys' fees." <u>Id</u>.

itemization of the time devoted in prosecuting this action. (Docket Entry No. 66-2).[7] In their declarations, Evans and Moseley, senior law partners at the law firm Bullock, Fly, Hornsby & Evans in Murfreesboro, Tennessee, and Parker, a law associate at the law firm Bullock, Fly, Hornsby & Evans, attest that their hourly rates are reasonable and are within the range of rates that are customarily charged in this community for the types of services rendered in such actions. Evans's and Moseley's charged hourly rate is $395, and Parker's charged hourly rate is $230.

Evans's declaration recounts that he began his practice as an assistant district attorney in Memphis, Tennessee in 2004 and in 2006 entered private practice, focusing primarily in criminal defense, civil rights litigation and family law. (Docket Entry No. 66-3, Evans Declaration at ¶ 2). Moseley began practicing law in 2001 and primarily practices in the areas of personal injury, civil rights litigation, the Federal Employees Liability Act, and occasionally in contract and business litigation. (Docket Entry No. 66-4, Moseley Declaration at ¶ 2). Parker was licensed to practice law in since 2011, worked as a judicial law clerk for a state trial court judge in Rutherford County, Tennessee, and in 2012 went into private practice, focusing in the areas of personal injury, family law, criminal defense and civil rights litigation. (Docket Entry No. 66-5, Parker Declaration at ¶ 2).

According to the itemized time record, Evans devoted 212 hours, Moseley devoted 191.7 hours and Parker devoted 72.3 hours to the prosecution of this action. Recovery of time involving multiple telephone conversations with Plaintiff and co-counsel is not being sought nor is time sought

---

[7]The Court notes that Plaintiff's attorneys originally failed to specify in their affidavits the number of hours each attorney individually billed and the amount of fees each individually sought, but that such hours could only be discerned by the Court after tabulating itself the individual hours sought by each attorney. Plaintiff submitted in his reply the number of hours each attorney individually billed for which each was seeking fees.

for time expended by paralegals and support staff. (Docket Entry No. 66-3, Evans Declaration at ¶ 7). The total fee requested for the services of the attorneys is $175,978.00.[8]

Defendants object to the hourly rates submitted by each attorney. Specifically, Defendants contend that the rates appropriate for Evans, who has nine years of legal experience, and Moseley, who has twelve years of legal experience, are between $225.00 and $275.00 per hour and that the appropriate rate for Parker, who has two years of legal experience, is between $125.00 and $165.00 per hour. (Docket Entry No. 70, John Schwalb Declaration at ¶ 13). Defendants also contend that Evans's hours should be reduced by three hours as duplicative and improper (one hour billed on February 14, 2012 and two hours on May 7, 2012); that hours billed for July 9 and July 10, 2012 by Moseley and Parker should be reduced by 0.2 and 0.7 hours, respectively, as unrelated to this action; and that Parker's 26.5 trial time hours should be disallowed as not reasonable or necessary as she did not examine or cross-examine a witness, argue a motion or assert an objection, or argue any matters related to the jury instruction.

### 1. Reasonable Hourly Rate

Plaintiff's fee petition is supported by the affidavits of David L. Cooper, a Nashville attorney with 28 years of experience who practices primarily criminal defense, as well as civil litigation with an emphasis on employment discrimination, civil rights and personal injury (Docket Entry No. 66-6 at ¶ 2); Jeffery Frensley, a Nashville attorney with 18 years of experience who practices primarily in the areas of criminal defense, employment discrimination and civil rights (Docket Entry No. 66-7); Jerry Gonzalez, a Nashville attorney with 16 years of experience whose practice concentrates

---

[8]The Court notes that the figure, $175,978.00, represents the sum total of (212 hrs. x $395.00) + (191.7 hrs. x $395.00) + (72.3 hrs. x $230.00).

8

primarily in criminal defense, federal employment law, and § 1983 civil rights litigation (Docket Entry No. 66-8 at ¶ 2); and Leanne Thorn, a Lexington, Tennessee, attorney with 8 years of experience whose practice substantially involves § 1983 actions in the Middle and Western Districts of Tennessee (Docket Entry No. 66-9, at ¶ 2). According to these attorneys, experienced in trying civil rights actions in the Middle Tennessee area, the requested hourly rates of $395 for Evans and Moseley and $230 for Parker are reasonable for senior partners and associates handling civil rights actions in the Middle Tennessee area. Frensley also states that "[c]ivil rights cases alleging excessive force against law enforcement officers are extremely difficult and often unpopular cases." (Docket Entry No. 66-7, Frensley Affidavit at ¶ 3).

In his affidavit, Gonzalez cites a National Law Journal survey of the nation's 250 largest law firms' hourly billing rates that shows that, in 2008, of those firms with Nashville offices, the "Partner high" rate was $525, "Partner low" rate was $230 and the average partner rate was $218 at Baker, Donelson and the "Partner high" rate was $575, "Partner low" rate was $240 and the average partner rate was $410 at Bass, Berry & Sims. (Docket Entry No. 66-8, Gonzalez Affidavit at ¶ 10). The "Partner high" rate was $610, "Partner low" rate was $210 and the average partner rate was $354 at Miller and Martin, and the "Partner high" rate was $600, "Partner low" rate was $275 and the average partner rate was $367 at Ogletree, Deakins, Nash, Smoak & Stewart. Id. Additionally, in the 2010 National Law Journal survey, the "Partner high" rate was $595, "Partner low" rate was $255 and the average partner rate was $357 at Baker, Donelson; the "Partner high" rate was $610, "Partner low" rate was $235 and the average partner rate was $361 at Miller and Martin; and the "Partner high" rate was $575, "Partner low" rate was $300 and the average partner rate was $389 at Ogletree, Deakins, Nash, Smoak & Stewart. Id. at ¶ 11.

9

Gonzalez cites that he, as co-counsel, was awarded an hourly rate of $397 in Herigas v. Wilson County, 3:09-cv-00362 (M.D. Tenn. Oct. 19, 2010; Docket Entry No. 122)[9] and that he was awarded an hourly rate of $420 for work required after the defendant refused to waive formal service of process in Crowder v. Marshall County, No. 1:13-cv-00003 (M.D. Tenn. May, 9, 2013; Docket Entry No. 22). (Docket Entry No. 66-8 at ¶¶ 5, 9). Gonzalez also cites Crawford v. Metro Nashville, No. 3:03-cv-00996 (M.D. Tenn. April 9, 2010; Docket Entry No. 256), where the court awarded the plaintiff's attorney an hourly rate of $400, Hunter v. City of Copperhill, No. 1:09-cv-00238 (E.D. Tenn.), where the court awarded the plaintiff's attorney an hourly rate of $395 and Doe v. Wilson County, 3:06-cv-00924 (M.D. Tenn. Sept. 22, 2008; Docket Entry No. 142), where the court approved an hourly rate of $350 for lead counsel. Yet, this Court notes that in Crawford the attorney had 25 years of experience, Hunter is a case from the Eastern District of Tennessee and is not representative of the Nashville market, and in Doe the lead counsel had 20 years of experience and his fee request was reduced from $400 to $350 and co-counsel, who had 7 years of experience, requested a $200 hourly rate, but was awarded an hourly rate of $185.

In response, Defendants cite other civil rights actions in this district where the courts have awarded less than the rate requested by Plaintiff's attorneys. See Layman Lessons, Inc. v. City of Millersville, 550 F. Supp.2d 754 (M.D. Tenn. 2008) ($300 rate requested by attorney with 28 years of experience and $150 rate requested by a first year associate were appropriate); Villegas v. Metropolitan Gov't of Davidson County, No. 3:09–0219, 2012 WL 4329235, at *14-15 (M.D. Tenn. Sept. 20, 2012) (concluding that attorneys with 12 years and 10 years of experience their hourly rates

---

[9]The Court notes that the lead counsel, who had 12 years of experience, was awarded an hourly rate of $325.

of $360 and $315, respectively, were reasonable); People First of Tennessee v. Clover Bottom

Developmental Center, No. 3:95–1227, 2012 WL 383940 (M.D. Tenn. Feb. 6, 2012) (the hourly rate

of $275 requested by attorneys with 35 years and 32 years of experience was reasonable); Green

Party of Tennessee v. Hargett, No. 3:11–cv–00692, 2012 WL 5511224 (M.D. Tenn. Nov. 14, 2012)

(awarding attorney hourly rate of $250 for attorney with 24 years of experience); EEOC v. Whirlpool

Corp., No. 3:06–cv–0593, 2011 WL 3321291, at *5 (M.D. Tenn. Aug.2, 2011) (awarding an hourly

rate of $275.00 to an attorney with 31 years of experience and an hourly rate of $350.00 to an

attorney with 15 years of experience); and Mathis v. Wayne County Bd. of Educ., No. 1:09–0034,

2011 WL 3320966 (M.D. Tenn. Aug. 2, 2011) (awarding an hourly rate of $225.00 to an attorney

with 10 years of experience, 5 of which in private practice, and an hourly rate of $375.00 to an

attorney with 27 years of experience).

The Court also notes that in Harris v. Metropolitan Government, No. 3:04–0762, 2009 WL

2423306 (M.D. Tenn. Aug. 6, 2009) the hourly rate for an attorney with over 28 years of experience

was reduced from $325 to $300 and in Randolph v. Schubert, Nos. 2:06-0050, 2:06-0058, 2007 WL

2220407 (M.D. Tenn. July 27, 2007) after balancing several affidavits with "widely divergent views"

of the appropriate hourly rate, the district court reduced the rate request from $350 to $275 for one

attorney and from $225 to $200 for the second attorney.

After reviewing the submissions of the parties and comparable case authority, reflecting the

prevailing market rate for similar actions in this venue, and based upon Evans's and Moseley's

experience, expertise, and length of practice, the Court concludes that an appropriate reasonable

hourly rate for Evans and Moseley is $375.00. The Court concludes that Parker's request for $230

per hour is high considering the local legal market in Nashville for attorneys of similar trial

experience and skill and what courts in this District have awarded attorneys with greater years of experience. Thus, the Court finds that an hourly rate of $200 is more appropriate for Parker's billed attorney hours.

## 2. Objections to Hours Expended

After independently reviewing the itemized time record, Plaintiff's memorandum in support of the hours claimed, Defendants' response and Plaintiff's reply, the Court concludes that Plaintiff has presented adequate support that the hours billed by Evans on February 14, 2012 and May 7, 2012, and the hours billed by Moseley and Parker on July 9 and July 10, 2012, were reasonably expended.

As to Parker's 26.5 trial time hours, Defendants contend that these hours were not reasonable and necessary. Defendants argue that Plaintiff had two attorneys who actively participated in the trial whereas Parker did not examine or cross-examine a witness, argue a motion, voice an objection or argue any matters related to the jury instruction. Defendants cite Plaintiff's time records that reflect that Parker had little, if any, trial preparation and that Parker mainly performed a paralegal function as to issuing subpoenas, sending letters, telephoning witnesses, or labeling exhibits. Nor did Parker attend any depositions in this action. Defendants also cite that Parker's entries list "Trial," while Moseley's and Evans's entries include "Trial and Preparation for Next Day." (Docket Entry No. 66-2 at 8). In response, Plaintiff asserts that "[d]uring the trial of this matter, Mrs. Parker's input was necessary, as she had a working knowledge of the case file and had met and talked with witnesses prior to trial. Mrs. Parker's involvement was also essential in coordinating witnesses' participation and prompt appearance at trial." (Docket Entry No. 73 at 4).

A review of the itemized time record reflects Parker's involvement in the litigation of this action from its inception, but does not reflect much involvement with Parker talking to witnesses, except for brief telephone calls, and with actual trial preparation. Also, Parker's trial entry only states "Trial." The fee applicant bears the burden of providing adequate documentation to support the hours worked. Hensley, 461 U.S. at 437. The Court notes that two senior law partners with nine and twelve years of experience conducted the trial in this action, but that Parker had no active participation in the actual trial. The Court further notes that Parker's entry of four hours on September 20, 2013, is excessive as the jury was still deliberating from the previous day and there was not any need for "coordinating witnesses' participation and prompt appearance at trial."

For these reasons, the Court concludes that Plaintiff has failed to provide adequate documentation justifying Parker's hours sought during trial. Accordingly, the Court will deny Parker's 26.5 trial time hours as not reasonable or necessary.

Thus, the lodestar figure for Evans is $79,500.00 (212 hrs. x $375.00), for Moseley is $71,887.50 (191.7 hrs. x $375.00) and for Parker is $9160.00 (45.8 hrs. x $200.00). The grand total lodestar figure is $160,547.50.

## C. Conclusion

The Court concludes that Plaintiff's motion for attorney's fees (Docket Entry No. 66) should be granted in part and denied in part and Plaintiff should recover a total award of attorneys' fees in the amount of $160,547.50.

An appropriate Order is filed herewith.

**ENTERED** this the _5th_ day of September, 2014.

13